UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN R. ORTIZ GONZALEZ, | |
| Plaintiff | |
| v. | Civ. No. 97-2309 (PG) |
| FONOVISA, DISTRIBUIDORA NACIONAL DE DISCOS, DISTRIBUIDORA APONTE, INC. A, B, AND C COMPANIES, JOHN DOE, ETC., | |
| Defendants | |

## OPINION & ORDER

Plaintiff Juan R. Ortiz González filed a Post Trial Memorandum discussing the liability of Defendants Distribuidora Nacional de Discos, Inc. and Distribuidora Aponte. (Dkt.39) Distribuidora Nacional de Discos replied to Plaintiff's Post Trial Memorandum. (Dkt. 46) Distribuidora Aponte did not reply.

Following the close of the presentation of his evidence, Plaintiff voluntarily dismissed his case against Defendant Fonovisa, choosing rather to pursue his case against Defendants Distribuidora Nacional and Distribuidora Aponte, both of whom are in default.

Plaintiff contends that Defendants infringed on his copyright and that he is therefore entitled to damages. Distribuidora Nacional asserts that according to the principles of *Frow v. De La Vega*, 82 U.S. 552 (1872), a default judgment may not be entered against it because, when the theory of recovery is one of joint liability, no one defendant may be liable unless all defendants are liable. Alternatively, Distribuidora Nacional argues that the nature of relief is such that, in order to be effective, it must be granted against each and every defendant. The Court disagrees.

97-2309 (PG) 2

> Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged jointfeasor. *See, e.g., Wells v. Universal Pictures Co.*, 66 F.2d 690, 692 (2d Cir. 1948); *Grocers Baking Co. v. Siglar*, 132 F.2d 498, 502 (6th Cir. 1942). Since joint tortfeasors are jointly and severally liable, the victim of trademark [or copyright] infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties.

*Stabilisierungsfonds für Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 207 (D.C. Cir. 1981). *See also Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) (citing *Stabilisierungsfonds für Wein* case); *Lacombe v. Manpower, Inc.*, 109 F.R.D. 350, 352 (D.P.R. 1986) ("Furthermore, Rule 19(b) does not alter the long standing practice of not requiring the addition of joint tortfeasors. *See* Advisory Committee Note to the 1996 amendment to Rule 19, reprinted at 39 F.R.D. 88, 91. Thus a plaintiff may sue one or more defendants without joining the others, and the remaining tortfeasors are not considered indispensable parties."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 43 U.S.P.Q.2d 1056, 1997 WL 381967, at *2-3 (C.D. Cal. Mar. 19, 1997) (The case cites *Temple v. Synthes Corp.*, 498 U.S. 5 (1990) for the proposition that Rule 19(a) did not change the well-settled rule that a joint tortfeasor is not a necessary party to an action); *Tyson Foods, Inc. v. Hester Indus., Inc.*, 17 U.S.P.Q.2d 1231, 1234 (W.D. Ark. 1990) ("In fact, it has been stated that [a] distributor 'may be held equally liable as the other defendants even though it claims that it "never manufactured anything" but only served as a distributor or wholesaler.' *Bowmar Instrument Corp. v. Continental Micro Sys.*, 497 F. Supp. 947, 955 (S.D.N.Y. 1980)."); *Wylain, Inc. v. Kidde Consumer Durables Corp.*, 74 F.R.D. 434 (D. Del. 1977) ("where joint and several liability exists, the plaintiff has the privilege of selecting his defendant"); *Southern Miss. Planning & Dev't Dist., Inc. v. Robertson*, 660 F. Supp. 1057 (S.D. Miss. 1986) ( person who promotes or induces infringing acts of another is jointly and severally liable as a vicarious copyright infringer even without knowledge of infringement).

97-2309 (PG) 3

Liability for copyright infringement may be either direct or vicarious. *See Little Mole Music v. Spike Inv., Inc.*, 720 F. Supp. 751 (W.D. Mo. 1989). Copyright infringers are severally liable for their own illegal profits unless they acted as partners, or "practically partners." *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985), cert. denied 494 U.S. 1017 (1990). However, where two or more defendants contribute to copyright infringement, they are all jointly and severally liable for the award of statutory damages. *See United States Media Group v. Edde Entm't Corp.*, No 94-4849 (MBH)MHD, 1998 WL 401532, *9 (S.D.N.Y. July 17, 1998); *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1364 (S.D.N.Y. 1991); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986).

Generally, when one of several defendants who is alleged to be jointly liable is in default, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants. *See Frow v. De La Vega*. Generally, if the claim against a nondefaulting party fails for lack of proof, the case should be dismissed against the defaulting party as well. *See Davis v. National Mort. Corp.*, 349 F.2d 175 (2d Cir. 1965). However, where the nondefaulting defendant's defense is a personal one and is not available to the defaulting defendant, the defaulting defendant may not benefit from that defense. *See* 10A CHARLES C. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (3$^{d}$ ed. 1998).

A defendant is not a prevailing party where a plaintiff voluntarily dismisses the case.[1] *See Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 164 F.R.D. 694 (D. Fla. 1996). Because the parties are

---

[1] Defendant also cites to the case of *Gulf Coast Farms, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984), for the proposition that judgment should not be entered against a defaulting defendant if another defendant is similarly situated and prevails on the merits. Since Fonovisa is not a prevailing party, Defendant's argument must be rejected.

97-2309 (PG) 4

jointly and severally liable under copyright law as opposed to simply jointly liable, Plaintiffs, at their option, could sue any one or more of the Defendants and no one defendant is indispensable.

Defendants Distruibudora Nacional de Discos and Distribuidora Aponte are in default. The Court therefore takes the factual allegations of the complaint as true, except those amounting to damages. *See, e.g., Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992). Here, the Court looks to those facts produced at trial, as well. The only remaining question for the Court to consider is damages. "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). If a defendant does not contest the amount of damages requested and the claim is for a sum certain or a sum that can be made certain by computation, a hearing is not necessary. If the sum is not certain or capable of easy computation, a hearing on damages may be held.

Plaintiff has requested damages under the Copyright Act.

> The Copyright Act provides for two alternative measures of recovery by an injured plaintiff. Upon proof of infringement, the plaintiff may recover his own "actual damages" and "any additional profits of the infringer." 17 U.S.C. § 504(a)(1). In establishing the defendant's profits, the plaintiff need only demonstrate the gross revenues generated by the infringing use, and the defendant bears the burden of proving deductible expenses and "the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). *See, e.g., In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 563 (2d Cir. 1994).
> Alternatively, at any time before entry of judgment the plaintiff may, if it satisfies certain preconditions, opt for statutory damages. 17 U.S.C. § 504(c). The amount of such damages is discretionary with the court, subject to the proviso that it may not be less than $ [75]0.00 nor more than $ [3]0,000.00 per infringed work. 17 U.S.C. § 504(c)(1). Moreover, if the plaintiff demonstrates that the infringement was willful, the statutory award may by increased to a maximum of $ 1[5]0,000.00. 17 U.S.C. § 504(c)(2).

*United States Media Corp. v. Edde Entm't Corp.*, 1998 WL 401532, at *8 (footnotes omitted).

97-2309 (PG)                                                                                     5

> If several defendants participate in a transaction or series of transactions that brings about an infringement, they will be held jointly and severally liable for plaintiff's lost profits. *See, e.g., Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 472 (2d Cir. 1985); *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. 1981). As for disgorgement of the infringers' profits, each separate actor is responsible individually for its own profits, *see, e.g., Fitzgerald Pub. Co. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986), unless the violations were willful or the defendants "engaged in a partnership, joint venture or similar enterprise." *Abeshouse*, 754 F.2d at 472 (quoting 3 M. Nimmer, Nimmer on Copyright § 12.04[C][3] at 12-50 to 51 (1984)).
>
> With regard to statutory damages, the proper resolution in a multi-defendant case is somewhat more complicated. As a general matter, if the parties were jointly responsible for a single infringement, they are held jointly and severally liable for a statutory award. *See, e.g., Fitzgerald Pub. Co.*, 807 F.2d at 1116-17; *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1364 (S.D.N.Y. 1991). If, however, one was guilty of willful infringement and the other was not, we assume that the non-willful infringer should not bear the burden of an award that has been enhanced above the statutory maximum for non-willful violations. *See, e.g., Fitzgerald Pub. Co.*, 807 F.2d at 1116 (distinguishing *Hospital for Sick Children v. Melody Fare Dinner Theatre*, 516 F. Supp. 67, 72-73 (E.D.Va. 1980)); 4 M. Nimmer & D. Nimmer, Nimmer on Copyright § 14.04[E][2][d] at 14-78 n.168 (1993)[].

*Id.* at *8-9.

The facts of this case allow the Court to view the activities of the Defendants to be both separate infringements and as participating in a series of transactions that bring about an infringement. Taken individually, the actions of both Defendant Distribuidoras violate the Copyright Act. Each Defendant is responsible for their own damage awards.

Plaintiff requests actual damages and any additional profits pursuant to 17 U.S.C. §§ 412 and 504(a) against Defendant Distribuidora Aponte. The Court therefore awards Plaintiff its actual damages in the amount of $6,756.79.[2]

As for Defendant Distribuidora Nacional de Discos, Plaintiff requests statutory damages be

---

[2] The damages break down as follows: $2,000.00 for each song for lost royalties ($4,000.00 total), profits of $1,656.81 from sales of Cassettes and $1,099.98 from sales of CD's.

97-2309 (PG) 6

awarded pursuant to 17 U.S.C. § 504 (c)(1). "The default of a defendant allows the court to infer that an infringement was willful and to award statutory damages." *Sony Music Entm't v. Cassette Prod., Inc.*, No. 92-4494, 1996 U.S. Dist. LEXIS 21548, 1996 WL 673158 (D.N.J. Sept. 30, 1996). Statutory damages may be elected "whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (1991). The Court has wide discretion in determining the amount of statutory damages to be awarded and is constrained only by the specified maxima and minima. After considering the complaint and the evidence submitted at trial, the Court determines that no hearing is necessary and awards Plaintiff $9,500.00 in statutory damages.

Wherefore, the Court awards Plaintiff $9,500.00 in statutory damages from Defendant Distribuidora Nacional de Discos and $6,756.79 from Defendant Distribuidora Aponte.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 24, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)